UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
CHERYL MATHISEN

                             Plaintiff,    **COMPLAINT**

    AGAINST                                  **CV 23 1794**

ERROL D. TOULON, JR., SUFFOLK COUNTY
SHERIFFS DEPARTMENT
JOHN DOE (1) Riverhead Correction Officer
JANE DOE (2) Riverhead Correction Officer
AND OTHERS WHOM WILL BE GLEANED      **JURY TRIAL DEMANDED**
THROUGH DISCOVERY,

                             Defendant(s).
----------------------------------------------------X

AZRACK, J.

TISCIONE, M.J.

## PRELIMINARY STATEMENT

1.     This civil rights action challenges the constitutionality of Suffolk County Department of Corrections ( Sheriff's Department)    Officer 1 and 2 , notwithstanding the inaction by Sheriff Errol D. Toulon Jr,    In particular, this law suit surrounds defendant John Doe and Jane Doe at the Riverhead Correction facility who both in two separate incidents caused physical harm to the plaintiff while transferring her to and from Nassau County.

2     There are four prongs to prove in a negligence case against a state actor duty, breach, causation, and damages/harm.    Generally speaking when someone acts in a careless way and causes an injury to another person, under the legal principle of "negligence' the careless person will be legally liable for any resulting harm.

1

## PARTIES

4. The Plaintiff Cheryl Mathisen   is a resident of 2990 Clubhouse Road, Merrick, New York 11566, Nassau County, New York ,    Plaintiff was incarcerated by virtue of missing a court ordered hearing January 15, 2020 of a Non – violent crime to wit   the top charge of Crm mis 4: prevent Emergency call,    As a result of her confinement she was mishandled on March 9, 2020 and March 12, 2020 plaintiff suffered head trauma, skull fracture and bruises on top of her head and eye socket and currently has brain damage    blurred vision   loss of balance    dizziness, nose bleeds and other issues.

5. Plaintiff was detained at the SCCF and sues for declaratory relief, compensatory damages, and punitive damages on behalf of herself.

### Defendants

6. Suffolk County Sheriff Department operates the SCCF through its Sheriff's office and allocates funds for the maintenance of the SCCF. The Sheriff's office promulgates and implements policies at the SCCF, including those governing the living and housing conditions, grievance procedures, and access to medical and other program services, mandated by local law and court orders, at the SCCF.

7. Defendant Errol D. Toulon Jr.   is a Suffolk County Sheriff whom is the chief executive officer at the Suffolk County Sheriff's Office . The Sheriff's office operates the SCCF and, upon information and belief, currently employs approximately 300 deputy sheriffs and 900 Correction officers to work in those facilities. As Sheriff Defendant Toulon has final policy making authority for all matters relating to the operation of the SCCF, including ultimate

responsibility for the custody, treatment, control, and care of all persons detained in the SCCF. The individuals working at the SCCF are defendant Toulon's agents and employees. Defendant Toulon is sued in his individual and official capacity.

8. Defendant John Doe, an employee of Suffolk County and under the supervision of Sheriff Toulon, is an actor who used unnecessary force to injure the plaintiff. Being sued in their individual and official capacity.

9. Defendant Jane Doe, an employee of Suffolk County and under the supervision of Sheriff Toulon, is an actor who used unnecessary force to injure the plaintiff. Being sued in their individual and official capacity

10. Suffolk County   is an incorporated County with offices located at 100 Veterans Memorial Highway, Hauppauge, New York 11788.

## FACTUAL ALLEGATIONS

I  **Background**

11. The Suffolk County Correction Facilities consist of the Riverhead Correction facility, a medium / maximum security jail, and the Yaphank Correction Facility, a minimum security jail. The plaintiff was detained at the Riverhead facility for a hold over and was heading to Carlton Ave District Court.   On March 9, 2020 whereas defendant   John Doe hit her on the head four times causing serious injury. Defendant Toulon had a duty to protect the inmate, when John Doe breached that duty Toulon should have taken the necessary steps to hospitalize the plaintiff inmate and on March 12, 2020 when plaintiff inmate was leaving to go to Nassau County she was slammed into the back wall of the elevator by defendant Jane Doe

causing addition serious injury as stated in the Nassau County medical report of march 12, 2020.

## JURISDICTION AND VENUE

12        This action is brought pursuant to 42 U.S.C. 1983. Deprivation of any rights, privileges, immunities secured by the Constitution and (federal laws)   Under Bivins v Six Unknown Named Agents of federal bureau of narcotics, 403 U.S. 388 ( 1971) officials for the violation of certain constitutional rights.   State and local official 1983    claim.. Subject matter jurisdiction is conferred by 28 U.S.C. 1331 and 1343 (a)(3). This Court has supplemental Jurisdiction over plaintiff's state law claims under 28 U.S.C. 1367(a)

13        Venue is proper in the United States District Court for the Eastern District of New York under 28 U.S.C. 1391(b)(2) because the events and omissions giving rise to the claims in this action occurred in this District.

## FIRST CAUSE OF ACTION

Defendant Sheriff Toulan failed to do his duty and protect and care for Inmate Mathisen.
.

## SECOND CAUSE FOR ACTION

14        Defendant John Doe On March 9, 2020 late morning upon arrival breached his duty by causing serious injury to plaintiff Mathisen by purposely hitting her repeatedly on top of the head four time while in his care and custody. Mathisen is still damaged to this day with migraine headaches   blurred vision, dizziness and other head trauma symptoms notwithstanding mental issues such as loss of memory, mini stokes and equilibrium balance problems.

### THIRD CAUSE FOR ACTION

15.     Defendant Jane Doe On March 12, 2020 approximately 5:30 am as Plaintiff was being transferred out to go to District Court Central Islip she was slammed head first into the back wall of the elevator and has serious injury and as stated in the previous causes for action.

### FOURTH CAUSE FOR ACTION

12.     Defendant Suffolk County failed to instruct and properly train These defendants whereas the plaintiff is damaged as stated previous and continues to be treated for the damages.   Plaintiff's demand that amount from all these Suffolk County defendants should be no less than 1 million dollars or whatever the jury deems appropriate.

### FIFTH CAUSE FOR ACTION

13.     Defendant Toulon in Concert and under color of state law with Defendant Suffolk County and the two defendants John Doe   Jane Doe violated various Constitutional provisions and Amendments guaranteed to every citizen by our Constitution and Plaintiff's   Demand   the proper due process of law   Plaintiff's demand an compensatory, declaratory and punitive   award against the Defendant's.

### REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs respectfully requests that the Court:

A.     Assume Jurisdiction over this matter

B.     Declare that Defendant's actions violated the Plaintiff's rights under the Amendment and   clauses of our Federal Constitution

C.     Award Compensatory damages for the physical   injuries sustained by the Plaintiff

D.	Award punitive damages to Plaintiff   for the illegal conduct   and failure to do their duty, the causation caused   , the damages sustain which was generated by such a disgusting acts.

E.	Award a monetary award to the Plaintiff   for the physical damages sustain and struggles in future endeavors

F.	Award Injunctive relief to prevent this from continuing today to other inmates coming up the ranks

G.	Award plaintiff   reasonable attorney fees if and when she affords counsel and costs under 42 USC 1988   and

H.	Grant any other relief the Court deems necessary and proper.

**Certification and Closing**

Under Federal Rules of Civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (10 is not being presented for an improper purpose, such as harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing laws or by a non-frivolous argument for extending, modifying, or reversing existing law;(30 the factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


Dated:	Merrick, New York
	March 8, 2023

*[signature]*
Cheryl Mathisen pro se
2990 Clubhouse Road
Merrick, New York 11566
(516) 765-5183

TO:   Suffolk County Sheriff and Correction facility
      100 Center Drive
      Riverhead, New York 11901


      SUFFOLK COUNTY
      100 VETERANS MEMORIAL HIGHWAY
      HAUPPAUGE, NEW YORK 11788