UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CHERYL MATHISEN,

                      Plaintiff,

            -against-

ERROL D. TOULON, JR., ET AL.,

                      Defendants.
------------------------------------------------------------------X

**ORDER**
23-CV-1794(JMA)(ST)

**AZRACK, United States District Judge:**

Before the Court is the application filed by pro se plaintiff Cheryl Mathisen ("Plaintiff") to proceed in forma pauperis ("IFP") in this case.   (ECF No. 2.)   Upon review, and for the following reasons, Plaintiff's financial status, as set forth in the application to proceed IFP, does not qualify her to commence this action without payment of the filing fee.   See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed IFP is denied.   Plaintiff is directed to pay the $402.00 filing fee within fourteen (14) days for this case to proceed.

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."   Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system.   Davis v. NYC Dept. of Educ., No. 10-cv-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosp. Corp., No. 07-cv-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)).   The determination of whether an applicant qualifies for IFP status is within the discretion of the district court.   Pinede v. New York City Dep't of Envtl. Prot., No. 12-cv-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases).   The Court may dismiss a case brought by a plaintiff requesting to

proceed IFP if the "allegation of poverty is untrue."   28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that she is unemployed and receives disability payments in the sum of $1,100.00 per month.   (ECF No. 2 at ¶ 2.)   Plaintiff reports that she has $100.00 in cash or in a checking or savings account, has regular monthly expenses that total about $600.00, and has no dependents or debts.   (Id. ¶¶ 4, 6-8.)   Plaintiff reports that after her expenses, she has "about" $500.00 per month "left over."   (Id. ¶ 6.)

Given the Plaintiff's financial position, she has not demonstrated that she cannot afford the $402.00 filing fee.   "'If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is 'merely in the position of having to weigh the financial constraints posed if he pursues [his position] against the merits of his case,'' then a court properly exercises its discretion to deny the application."   Brooks v. Aiden 0821 Capital LLC, No. 19-cv-6823, 2020 WL 4614323, at *5 (E.D.N.Y. July 22, 2020) (quoting Fridman v. City of New York, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002)).   Accordingly, Plaintiff does not qualify for IFP status. See Wrenn v. Benson, 490 U.S. 89, 90 n. 4 (1989) (per curiam) (denying leave to proceed IFP based on review of information contained in the supporting affidavit of indigency).   Accordingly, Plaintiff's IFP motion is denied, and she is directed to pay the $402.00 filing fee within fourteen (14) days of the date of this Order or her complaint will be dismissed without prejudice.   Once paid, there are no refunds of the filing fee, regardless of the outcome of the case.   Accordingly, Plaintiff is well-advised to avail herself of the free legal resources provided by the Pro Se Legal Assistance Program run by Hofstra Law School at the Central Islip Courthouse.   Plaintiff may schedule an appointment there by calling (631)297-2575 or by sending an e-mail to PSLAP@Hofstra.edu.

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that, should Plaintiff seek leave to appeal IFP, any appeal would not be taken in good faith and therefore IFP status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff at her address of record.

**SO ORDERED**.

Dated:        May 5, 2023
              Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
United States District Judge

3